UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATURAL RESOURCES
MANAGEMENT, LLC et al.,

        Plaintiffs,                Case No. 2:24-cv-10675

v.                                      Honorable Susan K. DeClercq
                                          United States District Judge

TOWNSHIP OF PARMA et al.,

        Defendants.
_____/

**NOTICE AND ORDER SETTING MOTION HEARING**

In March 2024, Plaintiffs Natural Resources Management, LLC and Gerken Materials, Inc. sued the Township of Parma, Michigan, and individual members of the Township's government (including the Township Supervisor, Clerk, Treasurer, and two members of the Board of Trustees) for denying a conditional use permit for quarry and mineral extraction on land within Parma. ECF No. 1. Defendants filed a motion to dismiss, ECF No. 9, which has been fully briefed, ECF Nos. 14; 15.

In their complaint, Plaintiffs seek—in addition to damages and injunctive relief—a declaratory judgment requiring the Township to issue the conditional use permit. *Id.* at PageID.7. In seeking such relief, Plaintiffs appear to allege violations of the Michigan Zoning Enabling Act. *Id.* at PageID.6 (citing MICH. COMP. LAWS § 125.3205). That statute provides, however, that zoning decisions may be appealed

to the local zoning board of appeals, MICH. COMP. LAWS § 125.3603(1), whose decisions are final, MICH. COMP. LAWS § 125.3605. Decisions by a local zoning board of appeals may then be appealed "to the circuit court for the county in which the property is located," MICH. COMP. LAWS § 125.3606(1). The circuit court shall review the administrative record to ensure the decision: (1) complied with Michigan's constitution and laws, (2) was procedurally proper, (3) is supported by evidence in the record, and (4) represents a reasonable exercise of the discretion. MICH. COMP. LAWS § 125.3606(a)–(d). The circuit court may affirm, reverse, or modify the decision of the zoning board of appeals. MICH. COMP. LAWS § 125.3606(4).

In their reply, Defendants noted that Natural Resources Management filed such an appeal in Jackson County Circuit Court, Case No. 24-0474. ECF No. 15 at PageID.312. According to the online docket for that case, the circuit court entered an order on October 30, 2024, granting in part and denying in part the appeal, remanding the case back to the local zoning board of appeals. *Natural Resources Management v. Township of Parma*, No. 24-0474, Event No. 27. The Township of Parma filed a Motion for Reconsideration of the circuit court's order on November 20, 2024. *Id.* at Event No. 30. That motion appears to still be pending.

Given these developments in the state circuit court case, more information is required to resolve the motion now pending before in this Court. Thus, counsel is

hereby notified to appear for a hearing on Defendants' Motion to Dismiss, ECF No. 9.

This matter is set for Motion Hearing on **January 22, 2025, at 10:00 AM**. The Parties are **DIRECTED** to appear prepared to discuss the Motion generally, as well as the following specific issues:

1. The status of the appeal in Jackson County Circuit Court, Case No. 24-0474;
2. Whether this Court should stay or dismiss this case given the pending state appeal;
3. Whether the § 1983 due process claims are ripe given the pending state appeal;
4. Whether this Court has jurisdiction to enter declaratory judgment granting a zoning permit;
5. Whether *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) applies to Plaintiff's § 1983 claim against Parma Township (Count III);
6. Whether this Court may consider the defense of governmental immunity at the motion-to-dismiss stage.

**IT IS SO ORDERED.**

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: January 10, 2025