UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATURAL RESOURCES
MANAGEMENT, LLC et al.,

        Plaintiffs,                   Case No. 2:24-cv-10675

v.                                       Honorable Susan K. DeClercq
                                            United States District Judge

TOWNSHIP OF PARMA et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 9)**

Plaintiffs Natural Resources Management, LLC (NRM) and Gerken Materials, Inc. sought a conditional use permit for quarry and mineral extraction on their land in Parma Township, Michigan. After a long, expensive application process, the Parma Township Board of Trustees denied the permit request. Plaintiffs, believing that their application had never been sincerely considered, then sued the Township and several of its Board Members ("the Board"), alleging federal due process and state-law violations. But because Plaintiffs have not alleged a constitutionally protected property interest, their federal due process claims will be dismissed, and the Court will decline supplemental jurisdiction over the remaining state-law claims. The motion to dismiss will therefore be granted.

**I. BACKGROUND**

The following factual allegations come from Plaintiffs' complaint, ECF No. 1. At the motion-to-dismiss stage, their allegations must be accepted as true, and all reasonable inferences must be drawn in their favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In July 2022, Plaintiff NRM applied for a conditional use permit for quarry and mineral extraction on its land[1] in Parma Township, Michigan. ECF No. 1 at PageID.3. As part of the application process, NRM paid $46,990.75 in escrow to the Township. *Id.* at PageID.4. After more than a year of meetings and hearings, on November 14, 2023, the Township Board of Trustees denied the application. *Id.*

According to NRM, the Board vehemently opposed NRM's application from the start and "had already decided to deny" it before any evidence was presented at the November 14 meeting. *Id.* NRM alleges that the Board, as its final decision, simply adopted a pre-drafted resolution to deny the application. *Id.*; *see also* ECF No. 1-1 at PageID.13.

In December 2023, NRM appealed to the Township's Zoning Board of Appeals (ZBA). ECF No. 1 at PageID.4. The Township thus activated the ZBA by

---

[1] According to the complaint, Plaintiff Gerken Materials' involvement in this case is limited to its leasehold interest in the minerals of the subject property. ECF No. 1 at PageID.2.

appointing members[2] and set the matter for public hearing, which was held two months later. *Id.* at PageID.5.

At that hearing, the Township argued that the ZBA lacked jurisdiction to review the conditional use permit decision, and it provided a pre-drafted decision for the ZBA to adopt. *Id.*; *see also* ECF No. 1-2 at PageID.56–57. NRM disagreed, arguing that the ZBA *did* have jurisdiction and that its evidence should be heard. ECF No. 1 at PageID.5. Ultimately, the ZBA allowed the hearing to proceed but stated that it would need more time to explore the jurisdictional issue. *Id.* After NRM presented its evidence, though, the ZBA determined—without further deliberation—that it lacked jurisdiction to hear the appeal and issued the pre-drafted decision provided by the Township, which nonetheless "affirmed" the Board's denial. *Id.* at PageID.6.

Consistent with Michigan's Zoning Enabling Act (ZEA), NRM appealed the ZBA's decision to the Jackson County Circuit Court. *Nat. Res. Mgmt. v. Twp. of Parma*, No. 24-0474; MICH. COMP. LAWS § 125.3605. Soon after, NRM filed this suit against the Township and the Board, alleging federal procedural due process violations and several state law claims. ECF No. 1. Defendants moved for summary

---

[2] According to the complaint, there were no active members on the ZBA at the time NRM appealed, so the Board had to appoint members specifically to hear the appeal. ECF No. 1 at PageID.5; *see also* MICH. COMP. LAWS § 125.3601 (requiring Township to create a ZBA and establishing that members shall be appointed by the Board).

judgment. ECF No. 9. That motion has been fully briefed. ECF Nos. 14; 15. A motion hearing was held on January 24, 2025.

## II. STANDARD OF REVIEW

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert*, 517 F.3d at 439 (6th Cir. 2008).

The complaint is sufficient if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If not, then the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## III. ANALYSIS

The first order of business is to consider whether Plaintiffs have pled enough facts for their federal claims to survive. If all the federal claims are dismissed, this Court may decline to exercise supplemental jurisdiction over the remaining state-law claims. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (noting that "the balance of considerations usually will point to dismissing the state law claims." (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996))). As discussed below, this Court will dismiss the federal

claims and decline to exercise supplemental jurisdiction over the remaining state-law claims.

### A. Counts III & VI: Federal Due Process Claims

Plaintiffs claim that the Township and the Board deprived Plaintiffs of a property interest without due process by denying them a conditional use permit without sincerely considering their application. ECF No. 1 at PageID.7–9.

Procedural due process constrains governmental decisions that "deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To state a claim for a violation of procedural due process, plaintiffs must allege that they were (1) deprived of a liberty or property interest (2) without adequate process. *See Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

In the context of state benefit and licensing schemes, plaintiffs have a property interest protected by the Fourteenth Amendment only when they have a "legitimate claim of entitlement" to the benefit or license. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). However, neither "an abstract need or desire" for a benefit nor a plaintiff's "unilateral expectation" that she will receive one is enough to create a property interest in that benefit. *PB&J Towing Serv. I & II, LLC v. Hines*, No. 20-6170, 2022 WL 390599, at *2 (6th Cir. Feb. 9, 2022) (first quoting *Roth*, 408

U.S. at 577; and then quoting *Lucas v. Monroe Cnty.*, 203 F.3d 964, 978 (6th Cir. 2000)).

Rather, "a central guide" for determining whether a legitimate claim of entitlement exists is "the government's discretion in awarding the benefit." *PB&J Towing*, 2022 WL 390599 at *2. If the government has no discretion to deny a benefit, then a plaintiff can legitimately claim to be entitled to it. *Id.* On the flip side, if there is discretion, there is no entitlement and no protected property interest. *Id.*

This "central guide" is equally applicable in the zoning context. To have a property interest in a conditional use permit, a plaintiff must show that the zoning board "did not have the discretion to deny [the permit] if he complied with certain minimum, mandatory requirements." *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992), *abrogated on other grounds by Knick v. Twp. of Scott*, 588 U.S. 180 (2019).

Here, Plaintiffs argue that they had a protected property interest in the conditional use permit. ECF No. 14 at PageID.299–300. They argue that this interest was created by Michigan law (the ZEA), which states that a request for a special use permit "*shall* be approved" if the request complies with the zoning ordinance's standards. MICH. COMP. LAWS § 125.3504(3) (emphasis added). Plaintiffs note that courts determining whether such interests exist consider "whether language of the statute conferring the benefit is framed in mandatory terms and whether the statute

imposes substantive constraints on official discretion to award the benefit." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) (citing *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62–63 (9th Cir. 1994)). Accordingly, Plaintiffs argue that "shall" is mandatory and thus creates a property interest.

Defendants disagree, arguing that the Township *did* have the discretion to deny the conditional use application under both the ZEA and the Township's zoning ordinance. *See* ECF Nos. 9 at PageID.118–20; 15 at PageID.314–15.

To start, the ZEA states that if a township's zoning ordinance allows for conditional use permits "or otherwise provides for discretionary decisions," the ordinance should set forth its own standards for such decisions. MICH. COMP. LAWS §125.3504(1). Although the ZEA does not mandate specific standards, it does require that they meet several broad, subjective criteria:

> The standards shall be consistent with and promote the intent and purpose of the zoning ordinance and shall insure that the land use of activity authorized shall be compatible with adjacent uses of land, the natural environment, and the capacities of public services and facilities affected by the land use. The standards shall also insure that the land use or activity is consistent with the public health, safety, and welfare of the local unit of government.

MICH. COMP. LAWS § 125.3504(2).

Accordingly, the Township's ordinance set forth the following standards for "each" proposed use, which are likewise subjective and broad:

> A. Will be harmonious with and in accordance with the general objectives, intent, and purpose of this Ordinance.

- 7 -

    B. Will be designed, constructed, operated, maintained, and managed so as to be harmonious and appropriate in appearance with existing or intended character of the general vicinity.
    C. Will be served adequately by essential public facilities and services, such as: highways, streets, police and fire protection, drainage structures, refuse disposal, or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such service.
    D. Will not be hazardous or disturbing to existing or planned neighboring uses.
    E. Will not create excessive additional requirements at public cost for public facilities and services
    F. Will, in addition to the standards contained in this section, conform to [this Ordinance's Performance Standards].

Parma Township Zoning Ordinance § 6.6; ECF No. 9-1 at PageID.130. Additionally, the Ordinance sets forth specific criteria for certain land uses, including quarries and mineral extraction. *Id* § 6.7(A); ECF No. 9-1 at PageID.130–32. According to Defendants, the Ordinance's standards for evaluating proposed uses are *inherently* discretionary, and thus they do not create a legitimate claim of entitlement to a conditional use permit.

    Defendants are correct: the Township's decision to grant or deny a conditional use permit is wholly discretionary, and both the ZEA and the Ordinance support this conclusion. As for the ZEA, it explicitly contemplates "discretionary decisions" in the context of special use permits, *see* MICH. COMP. LAWS §§ 125.3502; 125.3504, and it provides that local zoning boards "may deny, approve, or approve with conditions a request for special land use approval," *id.* § 125.3502(4). This language suggests that the ZEA does not *require* grants of special use or conditional use

permits. *See Pamela B. Johnson Trust ex rel. Johnson v. Anderson*, No. 315397, 2014 WL 4087967, at \*9 (Mich. Ct. App. Aug. 19, 2014), *appeal denied*, 861 N.W.2d 29 (Mich. 2015), *cert. denied*, 577 U.S. 869 (2015) (interpreting the ZEA's special use permit rules to "not give rise to a constitutionally protected property interest" because the authority to grant such a permit "is wholly discretionary").

As for the Ordinance, its broad language also suggests discretion. For instance, a proposed use must be "harmonious" with the ordinance and "consistent with the public health, safety, and welfare" of the Township. With a standard so subjective, any expectation of entitlement would be unreasonable. *See Silver*, 966 F.2d at 1036 (finding no property interest where zoning resolution directed board to consider whether use is "harmonious," "hazardous or disturbing," or "detrimental").

Considering the permissive language of other portions of the ZEA and the subjectivity of the Ordinance, these rules themselves do not create a property interest in a conditional use permit. And because Plaintiffs have not alleged that Defendants caused them to have a legitimate expectation of entitlement for any other reason, they have not stated a procedural due process claim. As such, Counts III and VI will be dismissed.

### B. Remaining State-Law Claims

Plaintiffs' complaint included four additional state-law claims. Plaintiffs seek declaratory judgment under Count I, injunctive relief under Count II, and assert

claims of unjust enrichment in Count V and tortious interference in Count VI. ECF No. 1. But because the federal claims here will be dismissed, and because no compelling reasons exist for this case to remain in federal court, this Court declines to exercise supplemental jurisdiction over the remaining state claims and will therefore not consider their merits. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010). Thus, the state-law claims will be dismissed without prejudice.

## VI. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 9, is **GRANTED**.

Further, it is **ORDERED** that Counts III and IV of the Complaint, ECF No. 1, are **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Counts I, II, V, and VI of the Complaint, ECF No. 1, are **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 11, 2025